BOARDMAN, Chief Judge.
Petitioner W. R. Houghton filed petitions for writs of certiorari seeking review of the orders of the trial court in Case No. 77-1639 denying his motion to limit scope of a grand jury investigation and denying his motion to quash service of a grand jury subpoena and in Case No. 77-1703 denying his motion to limit scope of the state attorney’s investigation and denying his motion to quash service of the state attorney’s subpoena. The cases were consolidated on appeal.
Petitioner was stopped while traveling in an automobile in Pinellas County by St. Petersburg Police Department officers on August 31, 1976 during a roadblock set up for vehicles departing from the site of an attempted controlled narcotics buy which was part of a drug investigation. A closed *771 cardboard box on the front seat of his automobile was opened by the police without consent from Houghton, and it was discovered to contain a large amount of currency. Houghton was then arrested and charged with conspiracy to possess and/or deliver hashish. On October 1, the state attorney filed a “no information” stating that there was insufficient evidence to file criminal charges at that time. The sum of money was deposited into the court registry pending further investigation and proceedings.
On September 14, 1977 a subpoena from the state attorney for the appearance of Houghton was issued and was served on him September 19. Upon Houghton’s appearance pursuant to that subpoena he was served with a grand jury subpoena for October 11, 1977. It appears from the record that examination of Houghton by the state attorney and by the grand jury has been stayed pending disposition of these appeals.
Petitioner filed motions to quash service of the state attorney’s subpoena and to limit the scope of the state attorney’s examination by prohibiting inquiry into the circumstances relating to the money seized on August 31, 1976 until it was established that it was legally obtained. The motions were heard and denied by the Honorable Philip A. Federico. Petitioner filed similar motions to quash the service of the grand jury subpoena and to limit the scope of the grand jury’s investigation, and following a hearing they were denied by the Honorable B. J. Driver.
Petitioner contends that service of both subpoenas was invalid. We find no merit to his arguments and affirm the trial judges’ rulings denying the motions to quash service of the state attorney and the grand jury subpoenas.
With respect to limitation on the scope of the state attorney and grand jury examinations, petitioner argues that the money was seized in violation of Section 901.151, Florida Statutes, the Florida Stop and Frisk Law, and therefore the seizure was illegal and the matter not subject to investigation by either of these agencies. Petitioner’s position is grounded on analogy to exclusion of illegally intercepted oral communication from grand jury investigation. We do not agree with this analysis and affirm the trial judges’ rulings denying the motions to limit examination by the state attorney and the grand jury.
The only situation where evidence alleged to have been seized illegally has been ruled an improper subject of grand jury inquiry has been where legislation expressly provides that such evidence may not be considered by the grand jury. In Gelbard v. United States, 408 U.S. 41, 92 S.Ct. 2357, 33 L.Ed.2d 179 (1972) the United States Supreme Court held that presentation to a grand jury of evidence derived from illegally intercepted oral communications was prohibited by 18 U.S.C. 2515. That statute provides that “[wjhenever any wire or oral communication has been intercepted, no part of the contents . and no evidence derived therefrom may be received in evidence in any . . . proceeding in or before any . grand jury ... if the disclosure of that information would be in violation of this chapter.” This view was adopted by the Supreme Court of Florida in In re Grand Jury Investigation, 287 So.2d 43 (Fla.1973) which considered the Florida wiretap statute. Section 934.06 specifically states that evidence obtained as a result of violation of Chapter 934, Florida Statutes, may not be presented for a grand jury’s consideration.
Section 901.151(6) of Florida’s stop and frisk statute provides that evidence seized in violation of that statute is not “admissible against any person in any court . .” Grand jury is not expressly included in the prohibition. Petitioner argues that since a grand jury investigation constitutes a judicial proceeding, the statutory exclusion is applicable to a grand jury.
We hold that the legislature did not intend this result. Failure to mention grand jury in the statute at issue in the case before us and inclusion of that term in the statute at issue in In re Grand Jury evidences a clear legislative intent to permit a grand jury to consider evidence obtained *772 illegally from a stop and frisk while prohibiting consideration of evidence gathered from an illegal wiretap. Furthermore, since the general rule is that examination by a grand jury is limited only by the bounds of relevancy, any exception to that rule should be specifically set forth by the legislature.
Petitioner has not demonstrated that any constitutional provision, statute, or rule of criminal procedure has been or will be violated by permitting a full and otherwise lawful examination of a subpoenaed witness by the state attorney or the grand jury. See United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). If any conduct during examination by either of the state agencies creates a question of intrusion into the rights of petitioner it should be disposed of at that time according to the appropriate procedure.
The petitions for writs of certiorari are DENIED.
OTT and DANAHY, JJ., concur.